PEOPLE, Respondent, v. TAYLOR & McLANE, Appellants.

No. 904; February 18, 1856.

Indictment.—A Defendant Should Present His Objections to the indictment before he pleads to it.

Criminal Law — Technical Errors.—In a plain case of proven crime the appellate court is not disposed to reverse the judgment because of an instruction that is incorrect only from a technical standpoint.

Sessions, Sacramento County.

The defendants were charged with grand larceny and the imputed theft was of four hundred and fifty ounces of gold-

dust. At the trial a witness, on being asked by the prosecution if he could point out the man whom he "saw have the dust," said that he "must give a qualified answer." The court instructed him to answer directly, adding that after so doing he might give any explanation of his answer that the facts warranted. The witness then said, "I cannot positively point out the man." The court then allowed the district attorney to put this question; "Upon your best knowledge and belief, based on what you saw of the person, can you point out the man whom you saw with the property charged as stolen?" The answer was, "Yes; from the best of my knowledge and belief the defendant McLane is the man I saw with the carpetbag." The admission of the question and answer over the defendant's objection was assigned as error. Another error assigned was the court's allowing the district attorney to indorse upon the indictment names of prosecution witnesses after the grand jury had presented the indictment and after the term, another its permitting these witnesses to testify at the trial. The jury was instructed that, since larceny is rarely done in an open manner, the usual course is to prove the charge by circumstantial evidence, wherefore the presumption of theft rests on a person who has stolen property and is not able to account for the honest possession of it; and the court then applied this theory to the facts in the case.

Attorney General for respondent; Robinson & Beatty for appellants.

MURRAY, C. J.—The assignments of error are not well made, and whatever objection the defendants had to the indictment, should have been taken before they plead to the same. The instruction of the court may not be technically correct, but it was nowhere shown by the defense that the gold-dust was taken by any claim of right, other than the higher right, which thieves often assert, but which has never within our knowledge been successfully maintained in any respectable court of justice. The case is a bold larceny, barren of any defense, except ingenious quibbles, and we regret that we are not permitted to treat it as an appeal for delay and impose damages.

Judgment affirmed.

I concur: Terry, J.